MYRON J. WEYMOUTH *vs.* SAMUEL M. GILE.

Penobscot. Opinion April 21, 1891.

*Promissory Notes. Time of Payment. Limitations.*

In an action brought upon the following promissory writing, viz: "For value received I promise to pay Myron J. Weymouth, fifty dollars in sawing at my mill in Sangerville village. Sangerville, Oct. 3d, 1885," *it was held*; that as the time of performance is not named in the contract, either party may request performance by the other within a reasonable time; and that the

statute of limitations will not begin to run until the expiration of a reasonable time of performance after such demand.

The promisee is not required to be the owner of the logs presented for sawing under the contract. It is sufficient if he has the authority from any owner to so present them.

ON MOTION AND EXCEPTIONS.

This was an action of assumpsit in which the plaintiff declared upon the writing given by the defendant, and which appears in the head-note. The concluding part of the count is as follows :

"And the plaintiff avers that the said payment was to be made at any reasonable time, and whenever the plaintiff should choose, and at the customary prices for sawing lumber, at said mill. Now the plaintiff in fact says, that the said S. M. Gile, though often requested and furnished with logs at said mill for that purpose, has never paid said sum of fifty dollars as above mentioned, nor otherwise, but unjustly neglects and refuses so to do," &c.

Plea, general issue. The jury returned a verdict of $59.00 for the plaintiff.

The case sufficiently appears in the opinion.

*Henry Hudson*, for defendant.

Rules governing promissory notes not being applicable, the defendant contends that plaintiff should have furnished the lumber to be sawed, within a reasonable time. The contract was made with plaintiff to saw his logs, and not those of any one that might haul to the mill.

Counsel cited : *Dennett* v. *Goodwin*, 32 Maine, 44 ; and cases cited ; *Bunker* v. *Athearn*, 35 Maine, 364 ; Broom's Com. 4th Ed. 473, and note cited, and p. 476 ; Kent's Com. 6th Ed. vol. 3, pp. 74, 76 ; *Chapman* v. *Wight*, 79 Maine, 695 ; *Thomas* v. *Roosa*, 7 Johns. 460 ; *Attwood* v. *Clark*, 2 Maine, 253 ; *Nunez* v. *Dautel*, 19 Wall. 560 ; *Kingsley* v. *Wallis*, 14 Maine, 57 ; *Atwood* v. *Cobb*, 16 Pick. 227 ; *Farnum* v. *Virgin*, 52 Maine, 578 ; *Smith* v. *Berry*, 18 *Id.* 122.

*L. B. Waldron, Crosby and Crosby* with him, for plaintiff.

LIBBEY, J. This action is brought on a contract between the parties which reads as follows :

"For value received I promise to pay Myron J. Weymouth, fifty dollars in sawing at my mill in Sangerville village.

"Sangerville, October 3d, 1885.　　S. M. Gile."

Exceptions were taken and come here on the construction of the contract by the presiding judge. The defendant contended that it was incumbent on the plaintiff to furnish the logs for sawing within a reasonable time after the date of the promise, and that a reasonable time had elapsed before any were furnished, and that the defendant for that reason was excused from sawing. The judge overruled this contention, and instructed the jury that the plaintiff might claim the sawing any time within six years, and that if the defendant wished to pay his debt before, he could tender it in money.

The defendant also contended that the defendant was only bound to saw the plaintiff's own logs. The judge overruled this contention and instructed the jury that the plaintiff might require the defendant to saw the logs of any other party which he should cause to be delivered at the mill to be sawed under the agreement.

We think the defendant was not aggrieved by either of the rulings. As to the first, the contract is silent as to time of performance. In such case the rule is that either party may require a performance by the other within a reasonable time. If the defendant desired the plaintiff to furnish the logs for sawing in a reasonable time, it was his right to demand it. If the plaintiff desired a performance by the defendant within a reasonable time, he had the right to furnish the logs or cause them to be furnished at the defendant's mill and demand it.

The report of the evidence on a motion to set aside the verdict is made a part of the exceptions, and by it, it does not appear that the defendant claimed a performance by the plaintiff by furnishing the logs to be sawed at any time prior to the commencement of this suit. In such case we think the defendant cannot complain of the instruction that the plaintiff might demand performance at any time within six years. This rule may not be correct as to the plaintiff's rights, as no cause of action would accrue till the lapse of a reasonable time for

performance after demand. The limitation would not be perfected till six years from that time ; but the instruction was not injurious to the defendant.

On the second point, we think it perfectly clear that the plaintiff was not required to own the logs presented for sawing. It was sufficient if by arrangement with the owner he had the right to present them for sawing under the contract. It could be of no interest to the defendant whether the title was in the plaintiff or another party.

The contention between the parties upon the facts was whether the plaintiff demanded performance by the defendant under the construction we have given to the contract, either in the winter of 1885-6, or in the winter of 1887-8. Upon these issues the evidence was conflicting. The jury seem to have found that performance was requested by the plaintiff in 1886, as they assessed interest for three years, prior to April term, 1889, when the case was tried. We cannot say that the verdict is against the evidence.

*Exceptions and motion overruled.*

PETERS, C. J., VIRGIN, EMERY, FOSTER and WHITEHOUSE, JJ., concurred.